IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAJA TALIBAH ZAHIR | : | CIVIL ACTION |
| | : | |
| v. | : | No. 20-6051 |
| | : | |
| LAWRENCE JOSEPH HOGAN, JR. et al. | : | |
| | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                        **August 23, 2021**

Pro se Plaintiff Naja Talibah Zahir brings this action against Maryland Governor Lawrence Hogan Jr., Virginia Governor Ralph Northam, and other state law enforcement officials, alleging various civil rights violations while she was in pretrial detention on state criminal charges. Defendants have filed several motions to dismiss or transfer for improper venue. Because this district is not a proper venue, the Court will grant the motions and transfer the case to the Eastern District of Virginia, where a substantial portion of the events giving rise to this action allegedly occurred.

## BACKGROUND

The Loudoun County, Virginia Sheriff's Office arrested Naja Talibah Zahir on November 19, 2019. Zahir claims the charges were for "antitrust violations, securities fraud, trading bonds and securities without consent and creating a false identity" and alleges the Sheriff's Office detained her for several months on those charges.  Am. Compl. 5, ECF No. 11. After the Virginia charges were *nolle prossed*, Zahir was transferred to Maryland on further unspecified charges. Zahir alleges that, while in detention in Virginia and Maryland, she was subject to "sexual assault," "attempted murder," "human trafficking," "treason," "extortion" via the exercise of cash bail, "securities fraud," and other unspecified civil rights violations. *Id.* at 4–5. Zahir's pleadings do not describe these allegations in any further detail.

Zahir filed the Complaint on December 1, 2020, the Amended Complaint on December 15, 2020, and the Second Amended Complaint on December 17, 2020.[1] ECF Nos. 1, 11, 12. In both the Amended Complaint and the Second Amended Complaint, Zahir names eleven defendants, all of whom are Virginia or Maryland state officials.[2] Six defendants have filed motions to dismiss on various grounds, including improper venue.

**DISCUSSION**

This district is an improper venue. The Court will therefore grant Defendants Michael Chapman, Dorian Lambert, and James Mountcastle's motions on this basis. A substantial portion of the events giving rise to this case appear to have taken place in the Eastern District of Virginia and therefore, the Court will transfer the case. Because this district is also an improper venue for Zahir's claims against the non-moving defendants—many of whom may not be aware of the case—the Court will sua sponte transfer those claims as well.

The Court agrees with moving-Defendants Chapman, Lambert, and Mountcastle that venue is improper in this district. A civil action may be brought in:

---

[1] Zahir amended the Complaint once as of right within the required time period. *See* Fed. R. Civ. P. 15(a). Zahir did not seek leave from the Court to further amend her pleadings. While the Amended Complaint is therefore the operative pleading, the Court has reviewed the Second Amended Complaint, which does not materially differ from the Amended Complaint. Defendants' motions likewise address the Amended Complaint and the Second Amended Complaint together in moving to dismiss or transfer the case.

[2] Defendants are (1) Maryland Governor Lawrence Hogan Jr., (2) Virginia Governor Ralph Northam, (3) Anne Leitess, State's Attorney for Anne Arundel County, Maryland, (4) Aisha Braveboy, State's Attorney for Prince George's County, Maryland, (5) Michael Chapman of the Loudoun County, Virginia Sheriff's Office, (6) Dorian Lambert of the Loudoun County, Virginia Sheriff's Office, (7) Hellen Keller of the Loudoun County, Virginia Sheriff's Office, (8) Buta Biberaj of the Loudoun County, Virginia Sheriff's Office, (9) James Mountcastle of the Anne Arundel County Police Department, (10) Officer Derreck Claget of the Bowie, Maryland Police Department, and (11) Thomas Moorehead, owner of Sterling Motorcars.

(1)  [A] judicial district in which any defendant resides, if all defendants are residents of the [s]tate in which the district is located;

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or

(3)  if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When a case is filed laying venue in the wrong district, the district court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants Chapman, Lambert, and Mountcastle are not residents of Pennsylvania, nor are all Defendants residents of the same state. Chapman and Lambert are employees of the Loudoun County, Virginia Sheriff's Department with no ties to Pennsylvania. *See* Chapman Mot. 8, ECF No. 55-2. Mountcastle likewise is a Maryland state law enforcement officer with no ties to Pennsylvania. *See* Mountcastle Mot. 5, ECF No. 60-1. Not one of the events alleged in Zahir's pleadings occurred in this district, let alone "a substantial part of the events." § 1391(b). A significant portion of these events—perhaps the entirety of Zahir's allegations—occurred in Virginia and Maryland. Because venue would be proper in judicial districts in either state pursuant to § 1391(b)(2), this ends the inquiry as the Court need not search for a proper venue when there are other proper venues available. § 1391(b)(3).

The appropriate remedy in this case is transfer rather than dismissal. When venue is improper in the district court in which the plaintiff has filed the action, the court must either transfer—if it is in the interest of justice to do so—or dismiss the case. § 1406(a). Although it is difficult to ascertain the precise nature of Zahir's claims from the face of her pleadings, it appears the interests of justice warrant transfer to the Eastern District of Virginia, where a substantial

portion of the events allegedly took place. Although dismissal would be without prejudice as to Zahir's right to re-file an action in a proper venue, it would nonetheless prejudice the parties. Zahir and Defendants have invested significant time and resources into the case thus far, and Zahir's refiling in a proper district would cause unnecessarily duplicative litigation. Furthermore, this action appears to be related to another case which this Court recently transferred to the Eastern District of Virginia. Order Transferring Matter to Eastern District of Virginia, No. 20-5448 (E.D. Pa. June 4, 2021), ECF No. 86. For these reasons, the interests of justice warrant transfer of the case.

The impropriety of venue in this district applies with equal force to Zahir's claims against the non-moving defendants, and the Court will use its discretion to sua sponte transfer those claims. *See Lafferty v. St. Riel*, 495 F.3d 72, 74–75 & n.3 (3d Cir. 2007) (declining to disturb district court's discretionary sua sponte transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer case under § 1406(a)). Sua sponte dismissal for improper venue with pro se plaintiffs is also generally disfavored. *See Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)).  Governor Hogan of Maryland, Governor Northam of Virginia, Loudoun County Sheriff's Department officials, and the Maryland state officials are all residents of Virginia or Maryland. Not one is a resident of Pennsylvania. No events relating to the non-moving defendants took place in this district either. Venue in this district is therefore improper with respect to the non-moving defendants.

**CONCLUSION**

This district is an improper venue for Zahir's claims and the interests of justice warrant transfer rather that dismissal. The Court will therefore grant Defendants Chapman, Lambert, and Mountcastle's motions. Because this reasoning applies with equal force with respect to the non-moving defendants, the Court will exercise its authority to sua sponte transfer those claims as well.

An appropriate order follows.

BY THE COURT:

  /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.